In the United States District Court
for the Northern District of Alabama
Southern Division

Thomas G. Brennan,
Plaintiff,

v.

Case No: 2:13-cv-00152-AKK-TMP

Comm. Kim Thomas et.al.,
Defendants,

FILED
2015 DEC 16 A 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## Plaintiff's Amendment to Complaint

COMES NOW the plaintiff Thomas G. Brennan (plaintiff) in the above styled cause and states the following:

1. The plaintiff is not lettered in the law.

2. The plaintiff re-alleges his original complaint as if set out here in full.

3. Pursuant to this courts order (Doc. #24-1) dated Oct. 21st, 2015, of which, is in accordance with the ruling held by the United States Court of Appeals for the Eleventh Circuit dated Sept. 17th, 2015. (EE-14-13227) In which, the Eleventh Circuit vacated this court's dismissal of the plaintiff's 42 U.S.C. 1983 claims. The Eleventh Circuit held the plaintiff's complaint stated (plausible) claims for which relief may be granted of 'deliberate indifference' against defendant's Thomas, Oakes, and Dr. Talley for delaying/denying diagnosis and treatment of the plaintiff's neck (C5,C6,C7) and lower back (L4,L5,S1) injuries and for delaying/denying adequate pain treatment for the above said 'serious medical' injuries. The Eleventh Circuit also held, in part, the plaintiff's complaint stated (plausible) claims for which relief may be granted

against defendant Corizon for customs and policies that denied/delayed diagnosis and treatment of the plaintiff's neck and lower back injuries and for customs and policies delaying and denying adaquate pain treatment as to the plaintiff's "serious medical" injuries, due to costs.

4. The Eleventh Circuit affirmed this court's 28 U.S.C. § 1915(A) dismissal of the plaintiff's 42 U.S.C. §1983 claims against defendant's Headley and Terrance for their failure to intervene and against defendant "Corizon for any delay in his treatment or denial of physical therapy."

5. The Eleventh Circuit held this court "erred in dismissing the plaintiff's complaint without giving the plaintiff at least one opportunity to amend the plaintiff's complaint." To have done so would not have been "futile" and should have been granted as "a matter of course." (law) The Eleventh Circuit held the plaintiff could have "cured the defects in his complaint if he makes additional allegations about Corizon's policies, and Headley and Terrance's involvement in his treatment." Therefore, based on the foregoing, the plaintiff's case was remanded to this court "for further proceedings."

6. This court order the plaintiff to file an amended complaint to cure the above said defects by Nov. 10th, 2015. The plaintiff filed with this court an extension of time of thirty days to file his amended complaint, of which, this court granted making the plaintiff's due date to file his amended complaint on or before Dec. 0th, 2015. However, should the plaintiff fail to file his amended complaint by the above said date this court will proceed, without further notification, and order a Special Report directing defendant's Thomas, Oakes, and Dr. Talley to respond to the plaintiff's claim they delayed/denied diagnosis and treatment of the plaintiff's neck and lower back injuries, and directing defendant Corizon to respond to the plaintiff's claims it implemented a custom/policy that failed to treat the plaintiff's pain due to costs.

<u>Amended Complaint</u>

## Failure to Intervene

### Deputy Wardens Headley and Terrance

In accordance with the Eleventh Circuit's opinion held, the plaintiff can cure his defect's against defendant's Headley and Terrance by making additional allegations as to Headley's and Terrance's involvement in the plaintiff's treatment and their failure to intervene.

7. The plaintiff, upon information and belief and a further opportunity for investigation and discovery, the plaintiff alleged placing defendant Headley on notice as to defendant's Thomas and Oakes failure to have the plaintiff seen by qualified medical personnel to properly diagnose the plaintiff's 'serious medical' condition for over a month. Defendant Headley was also placed on notice as to defendant's Thomas and Oakes outright denial to treat the plaintiff's severe pain associated with the above stated 'serious medical' condition and denying the plaintiff new orthopedic/prosthetic enhanced shoe's, of which, was the causation of the plaintiff's 'serious medical' condition and pain. Defendant Thomas stated the plaintiff could not recieve new shoes without A.D.O.C. approval. The plaintiff was seen by defendant Headley and the plaintiff personally made defendant Headley aware of the above said facts in support of the plaintiff's written complaint's. At the end of this meeting, there was no resolution as to the plaintiff's complaints, and defendant Headley stated to the plaintiff 'he would look into it'.

8. Defendant Terrance was placed on notice as to defendant's Dr. Talley, and Oakes denial, stoppage, and failure to provide to the plaintiff the previously perscribed 'adaquate' pain medications (Vicodin) via request/complaint and greivance. Defendant's Dr. Talley and Oakes denial/stoppage of previously prescribed 'adaquate' pain medications for the plaintiff's 'serious medical' conditions was the implementation of Corizon's custom/policy to cut cost's as to narcotic medication's being distributed under the guise that only

3.

inmate's with 'cancer, broken bones or recent surgery' could recieve these types of narcotic pain medications. Defendant Terrance failed to respond to the plaintiff's complaint and grievance and failed to do anything as to the plaintiff's pain and suffering. The plaintiff stated to defendant Dr. Talley "what my heirneated and bulging disc's (6) do not meet those requirements any more?" Defendant D. Talley could not look the plaintiff in the face and rattled off over-the-counter pain medication's he knew would have no effect. Defendant Oake's failed to respond to the plaintiff's grievances and grievance appeals.

9. Both defendants Headley and Terrance have a duty and a obligation owed to the plaintiff to insure the plaintiff recieve's constitutionally acceptable 'adaquate' medical treatment. Defendant's Headley and Terrance have a duty and a obligation owed to the plaintiff to insure the plaintiff recieve's 'adaquate' medical care and treatment, of which, A.D.O.C. has adopted the standard 'adaquate' medical care and treatment as to the plaintiff set-out in the National Commission on Correctional Health Care (NCCHC), Standards for Health Services in Prisons. American Correctional Association (ACA), Performance-Based Standards for Correctional Health Care for Adult Correctional Institutions, ACA Standards 2-4209, 4286, 4289, 4290, 4292 and 4998. Code of Alabama, 1975 as amended §22, Health, Mental Health, and Environmental Control. Ala. Admin. Reg. #700. Ala. Admin. S.O.P. 525. Code of Alabama, 1975 § 14-3-13 Ala. Admin. Oath's of Office.

The above said 'adaquate' medical treatment standards, Al. Admin. Rules and Regs, S.O.P.'s, Statutorical laws are set in place and made known and aware of to defendant's Headley and Terrance via A.D.O.C. Training and access to Al. Admin Rules, Regs, and S.O.P.'s, to prevent and to stay in compliance with the 8th Amendment rulings and protection's held by the U.S. Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976); Washington v. Harper, 494 U.S. 210 (1990); Farmer v. Brennan, 511 U.S. 825 (1994) Therefore, when the plaintiff made defendant Headley aware of he was being denied 'adaquate' medical care and treatment, being denied to be seen by

4.

qualified medical personnel, (M.D.) being denied proper diagnosis and adequate pain treatment, and ortho-pedic/prosthetic enhanced shoes, all of which, constitute's 'deliberate indifference' to the plaintiff's 'serious medical condition', an 8th Amendment violation. By defendant Headley's failure to 'look into' as he stated, investigate and intervene as to the constitutional deprivations/violations to the plaintiff and the continuation of the pain and suffering and mental anguish to the plaintiff because of defendant Headley's failure, constitute's the 'causual connection' of the plaintiff's continued constitutional deprivation's/violations. Defendant Headley has a duty owed to the plaintiff when made aware of in-adaquate medical care and treatment to investigate and intervene, and failed to do so.

10. Defendant Terrance was made aware by the plaintiff of the medical defendant's denial/stoppage of the previously perscribed 'adaquate' pain medications (Vicodin) as to the plaintiff's 'serious medical condition'. The plaintiff raised these act's and omission's of 'deliberate indifference' as to the plaintiff's 'serious medical condition', an 8th Amendment deprivation/violation. As with Defendant Headley, defendant Terrance is held to the same obligations and duty owed to the plaintiff as stated above, and when the plaintiff put defendant Terrance on notice as to the above said un-constitutional in-adaquate medical care/treatment as to the plaintiff serious medical condition. Due to defendant Terrance's failure to respond at all to the plaintiff's complaint's, and failure to investigate and intervene as to the plaintiff's complaint's is the 'causual connection' as to the un-constitutional and in-adaquate medical care/treatment and the continuance of pain and suffering and mental anguish the plaintiff was forced to endure for months due to a cost saving custom and policy implement by the medical defendant's to save money as to the narcotic medications being dispensed to the plaintiff, of which, constitute's the 'wanton infliction of pain and suffering and mental anguish upon the plaintiff for no penalogical reason or strongly suggested medical reason.' Defendant Terrance has a constitutional duty owed to the plaintiff when made aware of the un-constitutional acts and omissions by the medical defendant's to investigate and intervene as to

5.

the plaintiff's constitutional deprivations/violations, a duty owed to the plaintiff by defendant Terrance, and failed to do so.

11. The harm caused by defendant's Headley and Terrances failure's to act was the plaintiff was deprived of his constitutionally protected rights. The U.S. Supreme Court has stated "any citizen deprived of his constitutional right's by another citizen, constitute's irrepairable harm. Due to defendant's Headley and Terrance's failure to intervene, the plaintiff was denied/delayed diagnosis and adaquate treatment as to his serious medical condition. The plaintiff was denied/stopped adaquate pain medications for month's, of which, caused the plaintiff to have to suffer in pain and mental anguish just to do the basic things in life (i.e. walking, sleeping, eating, sitting, shaving, showering, going to the bathroom, etc.) The pain and suffering and mental anguish as to when this treatment would end, and the defendant's Headley and Terrance's failure's to act, all served no penalogical purpose.

## Denial of Physical Therapy

## Corizon

12. The Eleventh Circuit stated the plaintiff may cure his defect's in his complaint by making further allegations as to Corizon's custom and policy of only providing one session with a physical therapist after his cervical fusion surgery. (Doc.# 21-1 at 14) The plaintiff will remove any confussion and make it clear as to Corizon's 8th Amendment volative cost saving custom and policy. When Corizon's general physician (defendant Talley) sent the plaintiff out to a "freeworld" neurological specialist (Dr. Francavilla) whom performed the plaintiff cervical fusion surgery. (C5, C6, C7) The plaintiff was seen for a final time by Dr. Francavilla in October of 2011. At this consult, Dr. Francavilla's specialist perscribed recommended treatment was the plaintiff was to recieve physical therapy, three times a week for 6 to 8 weeks. However, Dr. Francavilla and his physicians assistant John Denney were made aware of Corizon's custom and policy of only paying for one physical therapy session. Both Dr. Francavilla and his assistant Dr. Denney were visibly upset as

onto this fact. Dr. Francavilla stated <u>because the plaintiff was only going to recieve one physical therapy session after surgery, the plaintiff was not going to heal correctly and would loss more movement in his neck</u> then he had anticipated. Dr. Denney agreed with Dr. Francavilla's assesment. The plaintiff makes this point clear. When the medical defendant's sent the plaintiff to a 'freeworld' specialist's, (Dr. Francavilla) they are constitutionally obligated to carry-out all of the specialist's perscribed recommended treatment. Dr. Francavilla's perscribed recommended specialist treatment after the plaintiff's surgery (cervical fusion) was physical therapy three-times-a-week for six to eight weeks. The plaintiff was seen <u>one time</u> by physical therapist Lance Pearson. Therefore, by Corizon only paying for the plaintiff to be seen <u>one time</u> by a physical therapist constitute's Corizon's failure to carry out the specialist perscribed recommended treatment, an obligation and a duty owed by Corizon to the plaintiff and can only be construed as a custom and policy to save money as to cost by not having to pay a physical therapist for the specialist perscribed recommended treatment of three-times-a-week for six to eight weeks for the plaintiff to heal correctly.

Harm

13. The Eleventh Circuit stated, the plaintiff failed to state the harm it caused the plaintiff by Corizon failing to provide the plaintiff more physical therapy and because of this failure the plaintiff failed to make a plausible claim. (Doc.# 21-1 at 12)

14. The plaintiff makes the harm the plaintiff suffered clear now. Surgery is an invasive, tramatic intrusion to the human body. Especially to any human beings spinal cord, as was the case with the plaintiff. Nerves, tendons, ligaments, muscle, and tissue were detached from three vertabra's and re-attached to new artificial vertabra's and fused together with surgical steel and surgical screws. Both Dr. Francavilla and Dr. Denney stated without the proper amount of physical therapy, the plaintiff <u>was not going to heal correctly after the cervical fusion surgery</u>. Physical

therapist Lance Pearson made the same statement of fact the first and only time the plaintiff was seen by him. Mr. Pearson initial assesment of loss of movement in the plaintiff's neck was 20 to 25% varying in different directions the plaintiff moved. Mr. Pearson stated that due to fact the plaintiff was only recieving (1) physical therapy session this permenant loss of movement would remain the same because the plaintiff would not be able to do the excercise left with him by Mr. Pearson correctly by himself. Mr. Pearson stated, had the plaintiff recieved the specialist perscribed recommended physical therapy, the plaintiff's permenant loss of movement would have been between 8 to 12% in varying directions in his neck. The latter statement, the plaintiff inadvertantly left out of his original complaint. Therefore, the harm suffered by the plaintiff for Corizon failing to provide to the plaintiff the specialist perscribed recommended physical therapy treatment is the plaintiff has suffered a 20 to 25% permenant loss of movement in his neck instead of the estimated 8 to 12% permenant loss of movement in his neck. One can never know if it may have been able to be lower than that estimate by Mr. Pearson. The plaintiff will submit to any reassesment of the permanent loss of movement in his neck at anytime asked by the defendant's. Due to the above said facts, the plaintiff's nerves, tendons, ligaments, muscle and tissue did not heal correctly and a short time thereafter, the pain in the plaintiff's neck returned to the same level as pre-surgery, post surgery. The plaintiff has not been seen by a neurologist since 2011 and should be seen by a neurologist at least once a year to assess his non-operable herniated and bulging damaged disc's in his lumbar spine. (L4, L5, S1)

Respectfully Submitted:

Thomas G. Brennan, Pro-se
#263642-B1-29A
2828 ALA. HWY 143
ELMORE, AL. 36025

## Certificate of Service

I hereby certify that I have placed the foregoing in the Draper Corr. Fac. mail-box for out-going prisoner mail located inside the Draper Corr. Fac. correctly addressed and the proper pre-paid postage applied to the Clerk of this Court, by and through the U.S. Postal Service. Done on this the 10th day of December, 2015 and thus invoking the 'mail-box rule' pursuant to Houston v. Lack, 487 U.S. 266 (1958); Adam v. U.S., 173 3d 1339, 1340-41 (11th Cir. 1999)

Respectfully;

*[signature]*

Thomas G. Brennan
Pro-se, #263642

## Certificate of Service

I hereby certify that I have placed the foregoing in the Draper Corr. Fac. mail-box for out-going prisoner mail located inside the Draper Corr. Fac. correctly addressed and the proper pre-paid postage applied to the Clerk of this Court, by and through the U.S. Postal Service. Done on this the 10th day of December, 2015 and thus invoking the 'mail-box rule' pursuant to Houston v. Lack, 487 U.S. 266 (1958); Adam v. U.S., 173 3d 1339, 1340-41 (11th Cir. 1999)

Respectfully;

*[signature]*

Thomas G. Brennan
Pro-se, #263642