UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS G. BRENNAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-00152-AKK-TMP |
| | ) |
| COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Consistent with the Eleventh Circuit's instructions, doc. 23, Thomas G. Brennan filed his amended complaint on December 16, 2015. Doc. 27. On March 24, 2016, the magistrate judge filed a supplemental report and recommendation, doc. 28, recommending dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) of (1) the official capacity claims against defendants Headley and Terrance; and (2) the Eighth Amendment claims against defendant Headley for failing to intervene in defendants Thomas and Oakes' delayed diagnosis and treatment of the plaintiff's post-fall injuries between November 4, 2010 and December 8, 2010 and failing to intervene after the refusal of defendants Thomas and Oakes to provide the plaintiff a new boot in December 2010.

1

The magistrate judge further recommended that Brennan's Eighth Amendment claim against defendant Headley for failing to intervene when defendants Oakes, Talley, and Corizon withheld appropriate pain medication between May 18, 2011 and September 26, 2011, and a substantially similar claim against defendant Terrance between August 28, 2011 and September 26, 2011, be referred to the magistrate judge for further proceedings.  Finally, the magistrate judge recommended that Brennan's Eighth Amendment claim against Corizon, based upon that company's policy of refusing all but one of his physical therapy sessions, also be referred for further proceedings.

No objections have been filed.  Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.  It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the official capacity claims against defendants Headley and Terrance, and the plaintiff's Eighth Amendment claims against defendant Headley for failing to intervene when defendants Thomas and Oakes delayed diagnosis and treatment of his post-fall injuries between November 4, 2010, and December 8, 2010, and for failing to intervene when defendants Thomas and Oakes refused to provide him a

new boot in December 2010 be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

It is further **ORDERED** that Brennan's Eighth Amendment claim against defendant Headley for failing to intervene when defendants Oakes, Talley and Corizon withheld appropriate pain medication between May 18, 2011, and September 26, 2011, and a substantially similar claim against defendant Terrance between August 28, 2011, and September 26, 2011, as well as an Eighth Amendment claim against Corizon based upon that company's policy of refusing all but one of Brennan's physical therapy sessions are **REFERRED** to the magistrate judge for further proceedings.

**DONE** the 21st day of April, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE