UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS G. BRENNAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:13-cv-00152-AKK-TMP |
| | ) |
| COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on February 12, 2018, recommending the defendants' special reports be treated as motions for summary judgment and further recommending that the motions be granted. Doc. 76. The parties were advised of their right to file specific written objections within fourteen days. *Id.* at 80. The magistrate judge granted the plaintiff extensions to file his objections and afforded him until May 1, 2018, to do so. Docs. 78; 80. The plaintiff has filed objections which primarily repeat the same facts and legal arguments he previously submitted to the court. Doc. 81.

**A. Certified Registered Nurse Practitioner Anissa Thomas**

To the extent the plaintiff's objections concerning Anissa Thomas are not repetitive, he argues Dr. William Talley cannot testify about Thomas's "acts,

omissions, and conduct" because Dr. Talley was in the examining room for a total of three minutes during only one of the many consultations the plaintiff had with Thomas.  *Id.* at 20.  But Dr. Talley is not offering testimony about Thomas' attitude or tone of voice in her interactions with the plaintiff.  Instead, Dr. Talley's opinion concerning Thomas's ability to diagnosis and treat the plaintiff is based on his knowledge of the skills she possesses as Certified Registered Nurse Practitioner and his review of the medical records.  Doc. 45-1 at 1-18.  As a physician, Dr. Talley is qualified to testify to such matters.

The plaintiff also argues that Thomas displayed a "pattern" of deliberately indifferent behavior toward him.  Doc. 81 at 12.  He reports that prior to his transfer to St. Clair Correctional Facility, Dr. Robbins at Kilby Correctional Facility prescribed him Mobic, Robaxin, and Tylenol, and the nurse practitioners at that facility renewed the prescriptions every three months for a year and a half.  *Id*.  In September 2010, sometime after his transfer to St. Clair, the plaintiff requested renewal of these medications.  *Id*.  Thomas refused to renew the prescriptions, told the plaintiff he no longer needed them, and dismissed him.  *Id*.  Thomas also denied the plaintiff new orthopedic shoes even though the plaintiff's shoes were worn "slick," and stated that she would only replace the shoes when the threads were showing.  *Id.*  The plaintiff states these additional incidents show that "for some reason Thomas was not ever going to help" him.  *Id*.  This argument is

speculative and ignores the undisputed assistance Thomas provided in connection with the claims actually at issue in this case.

Finally, the plaintiff argues that the magistrate judge did not consider the significance or import of the facts in his complaint, *see* doc. 1-2; 1-3, and the medical record when recommending summary judgment in favor of Thomas. Doc. 81 at 19. However, the report and recommendation belies this assertion. *See* doc. 76 at 5-31. Further, this court agrees with the report's conclusion that even the most troubling of facts against Thomas do not display grossly inadequate care, or show that she took an easier but less efficacious route, or that her treatment was so cursory as to amount to no treatment at all. *Id.* The alleged facts show only the plaintiff's disagreement with Thomas's medical judgment. [1]

**B. Dr. William Talley and Health Services Administrator Colleen Oakes**

To the extent the plaintiff's objections do not repeat previous facts and arguments already made in connection with his Eighth Amendment claims against Dr. Talley and Colleen Oakes, he points first to a purported factual error in the report attributing the following testimony to Dr. Talley: "[s]ome forms of narcotics are not suitable for the relief of long-term chronic pain and are more suitable for

---

[1] In an effort to dispute any credit afforded to nurse Thomas's and Dr. Talley's medical judgments in November and December 2010, the plaintiff purports to quote an excerpt from Dr. Francavilla's July 2011 post-MRI report. Doc. 81 at 16-17. None of the parties submitted this report into evidence, and it is not properly before the court. Moreover, based on the quote the plaintiff provided, *see* doc. 81 at 16-17, the content of the report mirrors other medical evidence in the record that the court has considered. Doc. 45-1 at 38-40, 46-47, 56-57, 60-61.

3

short-term pain relief." Doc. 81 at 21. The plaintiff contends that Thomas actually made the statement. *Id.* However, the record, which shows that Dr. Talley testified to this subject matter, doc. 45-1 at 17, belies this contention.

Second, the plaintiff takes issue with the "ficti[on]" in the magistrate judge's report that Dr. Talley was concerned with balancing the plaintiff's pain management and addiction avoidance. *Id.* at 21 (citing doc. 76 at 73). To be sure, Dr. Talley did not specifically testify about "addiction" or use that word in the medical record. Nonetheless, the undisputed record shows that Dr. Talley repeatedly relayed to the plaintiff his concerns about overprescribing. Docs. 1-2 at 11; 1-3 at 34, 36, 38, 40. And when defendant Oakes commented on one occasion about the type of narcotic the plaintiff desired, the plaintiff responded by stating that he was not and had never been a drug seeker. *Id.* Thus, during the relevant time period (January to October 2011), the evidence supports the magistrate judge's report that Dr. Talley was concerned about balancing the plaintiff's pain management and avoiding the overuse of narcotics, and shows also that the plaintiff understood that Dr. Talley's concerns related to drug seeking—*i.e.*, addiction.

Third, the plaintiff strongly disagrees with Dr. Talley's and Thomas's opinion that the narcotics he sought "were more suitable for the relief of short-term pain and not long-term pain." Docs. 81 at 20; 45-1 at 17; 45-3 at 6. He points to

Dr. Talley's comment that the plaintiff's pain was well controlled by narcotics between February and late May 2011, but notes that, thereafter, Dr. Talley disregarded Dr. Francavilla's recommendation to continue the plaintiff's narcotic pain relief. Doc. 81 at 20, 22-24. The plaintiff also asserts that Thomas and Dr. Talley's declarations are undermined by Dr. Talley's prescribing him Vicodin three times per day beginning after his cervical fusion on September 28, 2011 and continuing until July 15, 2012. *Id.* at 24.

The plaintiff's contentions are unavailing. Although Dr. Talley had concerns about narcotic overuse, he also knew the plaintiff had dealt with complex, life-time neck, back and leg difficulties. As the plaintiff's primary caregiver, Dr. Talley attempted to address the plaintiff's pain complaints by prescribing medications. Dr. Talley also sought a specialist and provided the plaintiff with a cane, back brace, orthopedic shoes, and a wheelchair, and gave the plaintiff a no prolonged standing profile. Thus, Dr. Talley's refusal to continually prescribe narcotics that rendered the plaintiff fully pain-free daily does not display deliberate indifference to that pain. Rather, Dr. Talley exercised his medical judgement while addressing a difficult and complex medical problem. That the plaintiff or Dr. Francavilla had a different opinion regarding narcotic use falls short of creating an actionable Eighth Amendment claim considering all of the other measures Dr. Talley took.

Finally, the plaintiff's attempt to blame defendant Oakes for failing to relieve his pain with narcotics is meritless. The plaintiff has never disputed that Oakes is a Health Services Administrator and does not provide care to inmates. Further, as a registered nurse, Oakes cannot prescribe narcotics or override Dr. Talley's decisions.

**C. Evidentiary matters**

The plaintiff points out also that the magistrate judge noted that he "did not present an affidavit from Dr. Francavilla." Doc. 81 at 24. He asserts that he could not provide an affidavit or interrogatory statement from Dr. Francavilla or physical therapist Lance Pearson because he did not have their addresses and did not have access to internet search engines. *Id.* The record refutes the plaintiff's contentions. Specifically, the medical defendants produced the plaintiff's medical records on June 21, 2016. Doc. 45-1. A simple review of those records show that they contained the address and telephone number of Lance Pearson at Voyager Physical Therapy, 1618 13th Place South, Birmingham, Alabama, 35205, and listed Dr. Francavilla's location at Brookwood Medical Center in Birmingham, Alabama. Doc. 45-1 at 56-57, 66, 79. Although Dr. Francavilla's formal address and telephone number are not listed in the records the defendants produced, the plaintiff could have used the information provided to locate Dr. Francavilla. The court is not persuaded that the plaintiff's inability to use internet search engines

prevented this discovery, particularly when he has access to a telephone. More importantly, the Order for Special Report provided the plaintiff with the opportunity to request additional discovery from the defendants. Doc. 30 at 7-8. The plaintiff did not avail himself of the opportunity and cannot now complain about his purported inability to provide the evidence he desired.

### D. Supplemental Jurisdiction

The plaintiff "reminds the court it still has supplemental jurisdiction over his state torts against [Dr.] Talley, Thomas [and] Oakes in their individual capacity" for "gross negligence, malice and wantonness." *Id.* at 26. Unfortunately, the plaintiff has never asserted any state law claims against the defendants in his pleadings, and has always maintained alleged "[v]iolations of the plaintiff's Eighth Amendment protect[ions] (i.e. cruel and unusual punishment clause, inadequate, delayed and denied medical treatment." Docs. 1 at 2, 5, 18, 20-21; 27. In any event, even if the plaintiff had asserted state tort claims, the court would have declined to exercise jurisdiction over them in light of the dismissal of the federal claims. *See* 28 U.S.C. § 1367.

### E. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the

magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. A separate order will be entered.

**DONE** the 18th day of May, 2018.

                                                 **ABDUL K. KALLON**
                                           UNITED STATES DISTRICT JUDGE